HOward Burroughs et al v. Ryan & Sarah Gordon















IN THE
TENTH COURT OF APPEALS
 

No. 10-02-177-CV

Â Â Â Â Â HOWARD BURROUGHS
Â Â Â Â Â AND SOUTH TEXAS DISTRICT 
Â Â Â Â Â COUNCIL ASSEMBLIES OF GOD,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellants
Â Â Â Â Â v.

Â Â Â Â Â RYAN GORDON AND SARAH GORDON
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellees
 

From the 172nd District Court
Jefferson County, Texas
Trial Court # E-162269
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

MEMORANDUM OPINION
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
Â 
Â Â Â Â Â Â Howard Burroughs and South Texas District Council Assemblies of God appealed an adverse
judgment. According to their unopposed dismissal motion, the trial court set aside the judgment,
and the parties agreed to mediate their dispute. Appellants state that they have settled the dispute
and the trial court has rendered a take-nothing judgment in accordance with the partiesâ agreement. 
They ask that we dismiss their appeal.
Â Â Â Â Â Â Rule of Appellate Procedure 42.1(a)(2) provides:
(a) The appellate court may dispose of an appeal as follows:
(2) in accordance with a motion of appellant to dismiss the appeal or affirm the
appealed judgment or order; but no other party may be prevented from seeking
any relief to which it would otherwise be entitled. 
Tex. R. App. P. 42.1(a)(2).
Â Â Â Â Â Â Appellantsâ dismissal motion complies with the requirements of the appellate rules and is
unopposed. Accordingly, this appeal is dismissed with costs to be taxed against the party
incurring same.

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â PER CURIAM

Before Chief Justice Davis,
Â Â Â Â Â Â Justice Vance, and
Â Â Â Â Â Â Justice Gray
Appeal dismissed
Opinion delivered and filed September 25, 2002
Do not publish
[CV06]



,
221 S.W.3d at 67273.

Â Â Â Â Â Â Â Â Â Â Â  Because the trial court did
not make findings or conclusions, we assume it made implicit findings that
support its ruling if the record supports them.Â  The suppression hearing record
consists of the testimony of DPS Trooper Dan Baker, who said he had been a
trooper for over seven years.Â  On the evening in question, he was investigating
an 11:30 p.m. traffic accident in which several involved individuals were at a
hospital.Â  They told Baker that Perez, who was involved in the accident, was at
a residence.Â  Baker went there around 2:30 a.m., asked the homeowner if Perez
was there, and the homeowner said that he was and allowed Baker into the residence.

Â Â Â Â Â Â Â Â Â Â Â  Perez was asleepÂÂpassed
outÂ in BakerÂs wordsÂon the floor, and Baker had trouble waking him.Â  Baker
asked Perez to come outside, and he was free to decline to.Â  Perez came
outside, and Baker told Perez that he was investigating a traffic accident.Â 
Perez admitted he had been driving and drinking alcohol, and Baker smelled
alcohol on PerezÂs breath and person.Â  Baker asked Perez to perform
field-sobriety tests, after which Baker concluded, based on his entire
investigation and the field-sobriety tests, that Perez was intoxicated.Â  He arrested
Perez for DWI.

Perez asserts that his motion to
suppress should have been granted because his arrest was warrantless, no
probable cause to arrest existed, and no warrantless-arrest exception applies.Â 
Probable cause for a warrantless arrest exists when the arresting officer
possesses reasonably trustworthy information sufficient to warrant a reasonable
belief that an offense has been or is being committed.Â  Amador v. State,
275 S.W.3d 872, 878 (Tex. Crim. App. 2009); Paulea v. State, 278 S.W.3d
861, 864 (Tex. App.ÂHouston [14th Dist.] 2009, pet. refÂd). Â The State bears
the burden of proving probable cause to support a warrantless arrest.Â  Paulea,
278 S.W.3d at 865. Â We review de novo whether probable cause exists to justify
a warrantless arrest after considering the totality of the circumstances
surrounding the arrest. Â Id.

Baker possessed sufficient facts to form
a reasonable inference that Perez drove while intoxicated based on PerezÂs
performance of the field-sobriety tests and his admission that he had been
drinking, driving, and in the traffic accident.Â  See Banda v. State, ---
S.W.3d ---, ---, 2010 WL 2899000, at *5 (Tex. App.ÂHouston [14th Dist.] July
27, 2010, no pet. h.) (citing Diaz v. State, No. 05-09-00750-CR, 2010 WL
1714001, at *2 (Tex. App.ÂDallas Apr. 28, 2010, no pet.) (not designated for
publication) (concluding officer had probable cause to arrest appellant for
driving while intoxicated based on results of field-sobriety tests, appellantÂs
breath smelling of alcohol, and appellantÂs unsteady balance), and Johnson
v. State, No. 14-07-00818-CR, 2008 WL 5085561, at *2 (Tex. App.ÂHouston
[14th Dist.] Nov. 25, 2008, pet. dismÂd) (mem. op.) (not designated for
publication) (appellantÂs failure of the field-sobriety test also provided a
basis for probable cause to arrest him)).Â  He thus had probable cause to arrest
Perez.

Warrantless arrests are
authorized only in limited circumstances outlined primarily in Chapter 14 of
the Code of Criminal Procedure.Â  Swain v. State, 181 S.W.3d 359,
366 (Tex. Crim. App. 2005).Â  The State contends that PerezÂs arrest is
justified under article 14.03(a)(1) of the Code of Criminal Procedure, which
authorizes the warrantless arrest of an individual found in a suspicious place
under circumstances reasonably showing the individual committed a breach of the
peace.Â  See Tex. Code Crim.
Proc. Ann. art. 14.03(a)(1) (Vernon Supp. 2009).Â  DWI is a breach of the peace.Â  Gallups
v. State, 151 S.W.3d 196, 201 (Tex. Crim. App. 2004); Trent v. State,
925 S.W.2d 130, 133 (Tex. App.ÂWaco 1996, no pet.).

For a warrantless arrest to be justified under article
14.03(a)(1), the totality of the circumstances must show (1) the existence of
probable cause that the defendant committed a crime and (2) the defendant must
be found in a suspicious place.Â  Dyar v. State, 125 S.W.3d 460, 468
(Tex. Crim. App. 2003).Â  Having already concluded that probable cause existed
to arrest Perez, we must now determine whether appellant was found in a
suspicious place.Â  Few places, if any, are inherently suspicious.Â  Id.
at 464Â65.Â  The determination of whether a place is suspicious requires a
highly fact-specific analysis.Â  Id. at 468.Â  Any place may
become suspicious when an individual at the location and the accompanying
circumstances raise a reasonable belief that the individual committed a
crime.Â  Id. at 464-68; Hollis v. State, 219 S.W.3d 446, 459
(Tex. App.ÂAustin 2007, no pet.).Â  A key factor used to justify the
determination of a place as suspicious is whether the time frame between the
crime and the apprehension of the suspect is short, but there is no specific
time limit.Â  See Dyar, 125 S.W.3d at 468.

Â Â Â Â Â Â Â Â Â Â Â 
Under the particular facts of this case, we conclude, based on the totality of
the circumstances set forth above (as have many courts addressing similar
facts), that Perez was found in a suspicious place and that his warrantless
arrest was therefore lawful. Â See, e.g., Gallups, 151 S.W.3d at 201Â02; Dyar,
125 S.W.3d at 461-62; Banda, --- S.W.3d at ---, 2010 WL 2899000, at
*6-7; Morgan
v. State,
No. 07-07-00429-CR, 2009 WL 1361578, at *6 (Tex. App.ÂAmarillo May 14, 2009, no
pet.); Layland v. State, 144 S.W.3d 647, 650-51 (Tex.
App.ÂBeaumont 2004, no pet.); Sandoval v. State, 35 S.W.3d 763, 768Â69 (Tex. App.ÂEl Paso 2000, pet. refÂd).

The trial court did not err in denying PerezÂs motion to
suppress.Â  We overrule PerezÂs sole issue in each appeal and affirm the
judgment in each appeal.

Â 

Â 

REX D. DAVIS

Justice

Â 

Before
Chief Justice Gray,

Justice Reyna, and

Justice Davis

Affirmed

Opinion
delivered and filed August 25, 2010

Do
not publish

[CR25]